USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
CONNEX ONE, INC.,

Plaintiff,

-against-

DK LAW-INJURY, ACCIDENT, and MORE, PC.,

Defendant.
---------------------------------------------------------------X

**26-CV-3743 (ALC) (KHP)**

**OPINION AND ORDER**
**ON**
**MOTION TO STAY DISCOVERY**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On July 27, 2026 the parties filed a joint letter setting forth discovery disputes the parties are facing along with a proposed case management plan that the parties cannot agree on. In sum and substance, Defendant DK Law-Injury, Accident, and More, P.C. ("Defendant") requests a temporary stay of discovery pending resolution of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), with the parties to submit a joint status report by November 18, 2026, if the motion remains pending by then. Plaintiff Connex One, Inc. ("Plaintiff") opposes the request and asks that discovery proceed in the ordinary course pursuant to the proposed plan submitted contemporaneously with the parties' letter. For the following reasons Defendant's motion to stay discovery is DENIED.

**LEGAL STANDARD**

This Court has the discretion to stay a proceeding pending the resolution of a dispositive motion. *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016) (citing *Nken v. Holder*, 556 U.S. 418, 427, 433 (2009)). The party requesting the stay bears the burden of showing that the circumstances justify a stay. *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011). The Court must balance the following factors: "(1) whether the stay applicant has made a

strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Strougo*, 194 F. Supp. 3d at 233 (quoting *U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012)); *see also Kreisler v. Second Ave. Diner Corp.*, No. 10 Civ. 7592 (RJS), 2013 WL 3965247, at *7 (S.D.N.Y. July 31, 2013). Each factor must be considered together "'like a sliding scale,' such that 'more of one excuses less of the other.'" *Strougo*, 194 F. Supp. 3d at 233 (quoting *Duka v. U.S. S.E.C.*, No. 15 Civ. 357, 2015 WL 5547463, at *5 (S.D.N.Y. Sept. 17, 2015); *see also Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640–41 (S.D.N.Y. 2012). However, the mere possibility of success or harm is not sufficient. *Sutherland*, 856 F. Supp. 2d at 641. The first two factors are the most critical. *Nken*, 556 U.S. at 434 ("The first two factors of the traditional standard are the most critical.")

## DISCUSSION

Applying the factors above, the Court finds Defendant has not met its burden of demonstrating that a stay of discovery is warranted. As to the first factor, Defendant has not made a persuasive showing that it is likely to succeed on the merits of its motion to dismiss. Though the motion raises a potentially threshold issue under New York Business Corporation Law § 1314, Defendant's arguments depend, at least in part, on the sufficiency of Plaintiff's allegations concerning its New York contacts and the effect of the parties' forum-selection clause. Without prejudging the motion, the Court cannot conclude at this stage that dismissal is sufficiently likely to justify halting discovery. The motion's alternative grounds similarly concern the adequacy of the pleadings and do not establish more than a possibility of success.

That is insufficient. *See Sutherland*, 856 F. Supp. 2d at 641; *see also Strougo,* 194 F. Supp. 3d at 234 (finding that movant failed to establish likelihood of success where they failed to analyze the merits of their motion).

The second factor likewise militates against a stay because Defendant has not shown that it will suffer irreparable injury if discovery proceeds. To establish irreparable harm, Defendant must show injury that is neither remote, nor speculative, and which cannot be remedied absent a stay. *Strougo,* 194 F. Supp. 3d at 234 (citing *In re Elec. Books Antitrust Litig.*, No. 11 MD 2293 (DLC), 2014 WL 1641699, at *4 (S.D.N.Y. Apr. 24, 2014)). Where a monetary award can adequately compensate a party for injury, the harm is not irreparable. *In re Elec. Books Antitrust Litig*., 2014 WL 1641699, at *4 (citing *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir.2011)). Additionally, the continuing costs of litigation do not rise to the level of an irreparable injury. *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013). Here, the asserted harm consists principally of the time and expense associated with collecting, reviewing, and producing documents from multiple custodians and systems. Such litigation costs, even if substantial, constitute ordinary and compensable burdens rather than irreparable harm. Any particular discovery request that Defendant believes is disproportionate, unduly burdensome, or irrelevant/improperly directed toward issues arising in the separate California action may be addressed through the ordinary discovery process.

The two most important factors in the applicable balancing test weigh heavily enough against the Defendant's request for a stay that the Court will address the last two factors only briefly. A stay would further delay Plaintiff's prosecution of claims arising from payments

allegedly withheld since October 2025, and the continued accrual of prejudgment interest does not fully eliminate that prejudice. *See Bensmaine v. City of New York*, No. 21 Civ. 4816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022). Plaintiff has an interest in being fully compensated for any losses allegedly suffered without undue delay. *In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *12. The public interest likewise favors the just and efficient resolution of civil actions rather than the suspension of discovery when a dispositive motion is filed. *Strougo,* 194 F. Supp. 3d at 235.

In sum, considering the balance of factors together while giving particular weight to Defendant's inability, at least at this stage, to demonstrate either a strong likelihood of success or irreparable harm, the Court finds that a stay is not justified.

## CONCLUSION

For the foregoing reasons, Defendant's request is DENIED. In light of the detailed proposed case management plan the parties have filed, a separate discovery schedule has been entered which the parties are directed to review and comply with.

**SO ORDERED.**

DATED: New York, New York
July 31, 2026

KATHARINE H. PARKER
United States Magistrate Judge