USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

CONNEX ONE, INC.,

Plaintiff,

-against-

DK LAW-INJURY, ACCIDENT, and MORE, PC.,

Defendant.

---------------------------------------------------------------X

**26-CV-3743 (ALC) (KHP)**

**OPINION AND ORDER ON MOTION FOR RECONSIDERATION**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On July 27, 2026 Defendant DK Law-Injury, Accident, and More, P.C. ("Defendant" or "DK Law") requested a temporary stay to discovery pending the resolution of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court denied the request on July 31, 2026. (ECF No. 23) Now before the Court is Defendant's motion for reconsideration in which it argues, among other things, the Court applied the incorrect legal standard in connection with the motion to stay. As discussed below, DK Law is correct that this Court cited the wrong standard, but the outcome on reconsideration does not change. The Court finds that under the applicable standard, the motion to stay should still be denied.

**DISCUSSION**

**A. Motion for Reconsideration**

A motion for reconsideration is governed by Federal Rule of Civil Procedure ("Rule") 59(e) and Local Rule 6.3. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted). The moving party must point to controlling law the court

overlooked or a clear error. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). This Court incorrectly evaluated DK Law's request for a stay under the framework governing motions for a stay pending appeal. Reconsideration under the Rule 26 standard for a stay is therefore warranted to correct that clear error. *Henderson*, 502 F. Supp. 2d at 376.

**B. Motion to Stay Discovery**

This is a simple breach of contract and account stated case. DK Law, a California firm, entered into a technology services agreement with Connex One, Inc. ("Connex" or "Plaintiff"). Plaintiff contends DK Law failed to pay certain invoices. DK Law disputes that it is obliged to pay and that it has cancelled the contract. The contract provides for resolution of disputes in New York and application of New York law.

Under Federal Rule of Civil Procedure 26(c), courts have considerable discretion to grant a stay upon a showing of "good cause." *Republic of Turkey v. Christie's, Inc*., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); *see also Clark v. Hanley,* 89 F.4th 78, 91 (2d Cir. 2023) (recognizing wide discretion trial courts have when handling discovery); Fed. R. Civ. P. 26(c). The fact there is a pending dispositive motion is not in itself grounds for a stay of discovery. *Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559 at *2 (S.D.N.Y. Mar. 1, 2016). The burden of showing good cause for a stay falls on the moving party. *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F.App'x 504, 505 (2d Cir. 2011). When determining whether good cause exists, courts consider: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Daileader v. Certain Underwrites at Lloyd's London*, No. 22 Civ. 5408

(PGG), 2025 WL 1021756 at *6 (S.D.N.Y. March 31, 2025) (granting stay during pendency of anticipated motion for summary judgment).

In terms of the "strong showing" prong, courts are more likely to grant a stay where the "the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Bennett v. Cuomo,* No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). Moreover, the existence of a motion that "is potentially dispositive, and appears to be not unfounded in the law," "cuts in favor of a stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). "Conversely, a court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make 'strong arguments' in their respective briefs. *Bennett* 2023 WL 2021560, at *2.

"In assessing the breadth of discovery and the burden of responding to it, courts consider whether 'discovery would reach such wide-breadth that good cause for a stay exists.'" *Configure Partners LLC v. RACI Holdings LLC*, No. 22 Civ. 8631 (RA) (JW), 2023 WL 2811135, at *1 (S.D.N.Y. Apr. 6, 2023). "This Court is more likely to grant a stay in instances where discovery is likely to be 'broad and significant,' such as when there are many defendants and an array of complex issues." *Id*. However, "[the] court is less likely to grant a stay in cases where the movant fails to show why discovery would be burdensome or where the resolution of pending motions to dismiss will not meaningfully change the scope or burden of discovery." *Id*.

As to the risk of unfair prejudice to the party opposing the stay, "[t]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018).

On the other hand, the "potential fading memories of witnesses who were part of the historical relationship between the parties weighs against a stay." *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22 Civ. 7996 (JLR), 2023 WL 199620, at *2 (S.D.N.Y. Jan. 24, 2023). If the party requesting the stay has not shown a lack of prejudice to the non-moving party, this would also weigh against a stay. *See Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016).

When considering motion under the Rule 26 standard, Defendant has not met its burden to show good cause for a stay. DK Law's motion to dismiss contends that, although the contract at issue in this case provides for a New York forum and York choice of law, the Court cannot exercise jurisdiction over and Plaintiff cannot sue DK Law, a California entity, in New York under New York Business Corporation Law ("BCL") § 1314. Secondarily, it argues that the breach of contract claim is barred by New York General Obligations Law ("GOL") § 5-903. Connex relies on two different provisions of BCL § 1314 to assert personal jurisdiction over DK Law and has provided additional information it can include in an amended complaint to support personal jurisdiction. Specifically, Connex relies on BCL §§ 1314 (b)(1) and (b)(4) because it contends the contract was made and performed in part in New York and because it contends DK Law is subject to personal jurisdiction in New York. It also has cited New York case authority supporting its position on jurisdiction. *See Pearl Beta Funding, LLC v. Elegant Trio Colors Corp.*, 233 N.Y.S.3d 311, 314 (2d Dep't 2025). Connex also has cited New York case law in support of its position that New York GOL § 5-903 does not apply. *See Trepp, LLC v. McCord Development, Inc.*, 100 A.D.3d 510, 510 (1st Dep't 2012). Without prejudging the motion, Plaintiff here has cited to case authority and facts in support of its claims. Thus, this is not a case where Plaintiff's claims are unfounded or clearly without merit. Rather, the Court will need to

carefully assess the case law and statutes cited by both sides when determining the motion to dismiss.

Next, DK Law fails to persuasively argue that discovery will be of such a wide-breadth and so burdensome that a stay is warranted. As the case now stands, discovery will concern the agreement, its renewal or termination, the parties' performance, the invoices and any objections to them, the alleged default, Slack communications, and Connex's damages. These subjects are neither unusually complex nor exceptionally expansive. Moreover, discovery has been limited to 2 depositions, 5 ESI custodians, and 25 document requests per party – an unimposing burden. *See Configure Partners LLC v. RACI Holdings LLC*, No. 22 Civ. 8631 (RA) (JW), 2023 WL 2811135, at *1 (S.D.N.Y. Apr. 6, 2023) (finding second factor militated against a stay where the moving party did not identify any particular burden associated with the production or explain how extensive the responses to document requests might be).

Notwithstanding the above, DK Law argues that there is a risk that discovery in this case will duplicate discovery now pending between the parties in a separate but related California action or could expand in this action. This is not persuasive. The Court evaluates the stay based on the case as it currently stands. And as it currently stands, the California action has now been stayed pursuant to the first-to-file rule. (ECF No. 37-1) Therefore, the risk of duplication is significantly diminished. Moreover, counsel for both sides are sophisticated enough to enter into an agreement to avoid duplicating efforts. Indeed, the fact that an action is currently pending between the same parties in California regarding a related dispute where there could be overlapping discovery militates against a stay because if/when the stay is lifted, the parties will be exchanging discovery regardless of the outcome of the pending motion to

dismiss. Finally, while the arguable prejudice of a stay on Connex is not great, the other considerations discussed above and the need for the Court to ensure cases are promptly adjudicated weigh more strongly against a stay of discovery. *See* Fed. R. Civ. P. 1.

## CONCLUSION

For the foregoing reasons, DK Law's motion for reconsideration is GRANTED and its reconsidered motion to stay discovery pending resolution of its motion to dismiss is DENIED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.**

**SO ORDERED.**

DATED: New York, New York
September 1, 2026

KATHARINE H. PARKER
United States Magistrate Judge